## N. Y. SUPERIOR COURT.

WALLING agt. THE MAYOR, &c., OF THE CITY OF NEW YORK.

*Liability of the corporation of New York to pay expenses for extraditing fugitive criminals.*

The city of New York is not liable to third persons, with whom they have no privity of contract, for payment of the expenses incurred in extraditing fugitive criminals from another state, although the bill is approved by the district attorney of the county.

The remedy is against the district attorney, whose duty it is to recover himself against the city, by taking the necessary steps, and furnishing the necessary evidence under the statute.

*Special Term, August,* 1875.

DEMURRER to complaint.

This suit is brought to recover $903.22, the alleged expense of extraditing two fugitive criminals from California.

SPEIR, J. — The plaintiff was employed by the district attorney to execute a requisition made by the governor of this state upon the governor of the state of California, for the extradition of two fugitive criminals. The district attorney approved the bill as justly due, which amounted to $903.22. The bill was presented to the comptroller for payment, and refused on the ground that, under the law, the district attorney might recover the amount claimed as a charge against the county, but that his employe could not. With some hesitation I think the demurrer should be upheld. The relation of employer and employe does not exist between the plaintiff and defendants. No privity of contract between

them. When the statute under both subdivisions of the third section speaks of " expenses necessarily incurred," or " moneys necessarily expended " by the district attorney or any county officer, it clearly contemplates that the county shall have the sanction of the official's oath as to what constitutes the " necessity " of the outlay. If this plaintiff has a cause of action it must arise by ordinary contract between him and defendants, and he would not be called upon to prove the necessity of the services performed. The city would be forced to pay any charge made by any person other than its official officers, and consequently without the checks and safeguards contemplated by the law. The remedy is against the district attorney, whose duty it is, I think, to recover himself against the city, by taking the necessary steps and furnishing the necessary evidence under the statute. Judgment for defendants.